UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURIE BISHOP, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

VIP TRANSPORTATION GROUP, LLC, BARBARA WHITE, individually, and SIMON WHITE, individually,

    Defendants.

Case No.: 6:16-cv-02008-ACC-KRS

**DEFENDANTS' MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants VIP Transportation Group, LLC ("VIP"), Barbara White, and Simon White (collectively "Defendants") move to dismiss Count III of the Complaint filed by Plaintiff, Laurie Bishop ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6). The grounds for this Motion are more fully set forth below in the incorporated Memorandum of Law.

**I.   MOTION**

1. Plaintiff filed her Complaint (Dkt. 1) with this Court on December 17, 2015. In her Complaint, Plaintiff alleges that she was employed as a driver for Defendants from November 5, 2014 to July 20, 2015. (*Id*. at ¶ 2). Plaintiff claims that during this period Defendants improperly classified her as an independent contractor instead of an employee, which, according to Plaintiff, resulted in a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), *Fla. Stat*. §§ 501.201- 601.213.[1]  (*Id*. at ¶ 97).

---

[1] Plaintiff also claims a violation under the Fair Labor Standards Act of 1938 ("FLSA"). (*Id*. at ¶ 4).

2.      Plaintiff also alleges that Defendants misled their customers by keeping the invoice amounts titled "gratuity" for themselves. (*Id.* at ¶¶ 40, 98). Plaintiff claims that this too resulted in a violation of FDUTPA. (*Id.* at ¶ 98).

3.      Even assuming that Defendants misclassified Plaintiff as an independent contractor, which they did not, and that they kept customer gratuities for themselves, which they did not, Plaintiff has failed to state a claim for relief under FDUTPA because she does not have standing and the damages she seeks are not recoverable under the statute.[2] Therefore, Plaintiff's claim for violations of FDUPTA, namely, Count III of her Complaint, must be dismissed with prejudice.

## II.     MEMORANDUM OF LAW

### A.     Standard of Review

Rule 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. Accordingly, to sufficiently plead a claim, a plaintiff must allege sufficient facts that plausibly establish each element of the cause of action. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1979 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Further, the Eleventh Circuit has held, "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

In addition, the Supreme Court previously stated that when ruling on a motion to dismiss, the ruling court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements

---

[2] This applies equally to any potential class member (e.g., driver).

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1979 (citing *Twombly*, 550 U.S. at 555).  In other words, a plaintiff must go beyond the "conclusory" and must offer "some further factual enhancement" in order to "enter the realm of plausible liability."  *Twombly*, 550 U.S. at 557 n. 5.

Consequently, Plaintiff is required to both (1) allege clearly sufficient facts—not conclusions—to support a claim for relief and (2) show that those facts, if true, plausibly entitle her to relief as a matter of law.  Count III of Plaintiff's Complaint does neither.   Therefore, Plaintiff's FDUTPA claim should be dismissed pursuant to Rule 12(b)(6).

### B. Plaintiff Does Not Have Standing to Assert a Claim Under FDUTPA Because She Is Not a Consumer

FDUTPA is a consumer protection statute which provides that "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive trade or commerce" are unlawful.  *Fla. Stat*. § 501.204(1).  The statute was enacted within Chapter 501, entitled "Consumer Protection."  The language of FDUTPA makes clear that its purpose is to "protect the ***consuming*** public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  *Fla. Stat.* § 501.202 (emphasis added); *see also Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145 (M.D. Fla. Feb. 23, 2012).  Section 501.202(3) further defines the purpose of the Act as, "mak[ing] state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection."  *Fla. Stat*. § 501.202(3).

In 2001, the Florida Legislature amended FDUTPA by replacing the word "consumer" with the word "person."  *Leon v. Tapa & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014).  Although some courts have held that this amendment expanded the statute to non-consumers, the majority of courts have held that FDUTPA still applies only to consumers.  *See*

*Taft v. The Dade County B. Assn., Inc.*, 1:15-CV-22072-KMM, 2015 WL 5771811, at *4 (S.D. Fla. Oct. 2, 2015) ("given the overwhelming weight of authority in favor of a narrow reading, this Court holds that 'person' in section 501.211(2) means only 'consumers,' including businesses that are consumers, and the FDUTPA applies only to a consumer injured by an unfair or deceptive act when buying or purchasing goods and services."). For example, in *Carroll v. Lowes Home Centers, Inc.*, the court found that the "Florida Legislature did not intend to expand the FDUTPA to non-consumers." 2014 WL 1928669 at *3 (S.D. Fla. 2014). Looking to the legislative history in rendering his decision in *Carroll*, Judge Gold found that "the purpose of the amendment was to clarify that remedies available to individuals under FDUPTA are also available to businesses." *Id.* Judge Gold concluded that "person" in § 501.200(2) applies only to "consumers" including businesses who are consumers. *Id.*; *see also Raimbeault v. Accurate Mach. & Tool, LLC*, 2014 WL 5795187 at *7 (S.D. Fla. Oct. 2, 2014) (Bloom, J.) (relying on the clarification in *Carroll* that "only 'consumers' who engage in the 'purchase of goods or services' are 'persons' with standing to pursue FDUTPA claims under Fla. Stat. § 501.201," and dismissing Plaintiff's FDUTPA claim because it failed to allege the "purchase of goods or services from any Defendant.").

Notably, in *Kertesz v. Net Transactions, Ltd.*, the court found that decisions which attempted to expand FDUTPA to non-consumers did not undertake a review of the Act's legislative history. 635 F. Supp. 2d 1339, 1350 (S.D. Fla. 2009). Looking at this history, *Kertesz* held that FDUPTA, as amended, applies only to **consumers seeking damages**. *Id.* at 1359 (emphasis added). The Middle District of Florida recently agreed. *See Dobbins*, 2012 WL 601145 at *4 ("the legislative intent of the 2001 amendment was to clarify that 'remedies

4

available to individuals are also available to businesses,' as opposed to creating a cause of action for non-consumers") (quoting *Kertesz,* 635 F. Supp. 2d at 1349 (S.D. Fla. 2009)).

While, prior to the *Kertesz* decision, there were a line of cases attempting to broaden the application of FDUPTA, this Court subsequently rejected that line of cases. *See Dobbins*, 2012 WL 601145 at *4 (discussing those cases and explaining why they are unpersuasive). In *Dobbins*, this Court granted the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), stating that § 501.211(2) of FDUTPA does not "create a cause of action for an individual employee against his or her purported employer, when there is no consumer relationship between them." *Id.* In granting the defendant's motion, this Court concluded that the employee did not have standing under FDUPTA to sue her employer on these purely employment-based claims.[3]

More recently, in October of 2014, the District Court for the Southern District of Florida also held that an employee did not have standing to bring a claim under FDUTPA against his employer and dismissed said claim with prejudice. Similar to the present case, in *Leon v. Tapas & Tintos*, a restaurant worker sued his former employer for violations of FDUTPA and the FLSA, claiming he did not receive overtime pay and that his employer improperly misclassified him as an independent contractor rather than a general employee. 51 F. Supp. 3d at 1290. In dismissing the plaintiff's FDUTPA claim, the court found that the employee did not sufficiently allege that he was a "consumer" and failed to allege that he "engaged in any commercial transaction" with his employer. *Id.* at 1296. Thus, the employee could not state a claim against his employer under FDUTPA. *Id.*

---

[3] The *Dobbins* holding that deceptive trade practices acts do not apply where there is no consumer relationship between employee and employer have been persuasive and upheld in jurisdictions even outside the State of Florida. *See Govereau v. Wellish*, 2:12-CV-00805-KJD, 2012 WL 5215098, at *2 (D. Nev. Oct. 19, 2012) (citing *Dobbins* in granting defendant's motion for judgment on the pleadings on the basis that the plaintiff employee was not permitted to sue employer under a deceptive trade practices act).

Plaintiff makes the conclusory allegation that Defendants violated FDUTPA by misclassifying her as an independent contractor and retaining gratuities paid by customers. Plaintiff, however, has not pled any allegation that would demonstrate that she in any way acted as a "consumer." Instead, Plaintiff alleges that she was Defendants' employee and that Defendants misled customers (e.g., "passengers") by keeping gratuities. (Dkt. 1 at ¶¶ 2, 4, 40.) As such, and based upon the authority cited herein, Plaintiff is not protected by FDUTPA, a statute drafted to protect the consuming public. Therefore, Plaintiff does not have standing and her FDUTPA claim must be dismissed for failure to state a claim.

### C. The Damages Sought by Plaintiff Are Not Recoverable Under FDUTPA

FDUTPA authorizes a person "who has suffered a loss" as a consequence of a violation of the statute to recover "actual damages." *Smith v. 2001 South Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004). In the context of FDUTPA, "actual damages" have been defined as "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Id.* (internal citations omitted).

Florida courts have dismissed causes of action where the essence of demand for recovery was to seek reinstatement of employment and the recovery of monetary damages related to the claimant's employment. *Smith v. 2001 South Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004). As stated in *Smith*, a plaintiff who seeks recovery of monetary damages related to employment has not alleged a recoverable loss pursuant to FDUTPA. *Id.* at 993. Under FDUTPA, "actual damages" do not include "actual consequential damages." *Id.*; *see Orkin Exterminating Co., Inc. v. DelGuidice*, 790 So. 2d 1158, 1162 (Fla. 5th DCA 2001) (same).

Here, the essence of Plaintiff's demand for recovery stems from her desire to seek monetary damages associated with alleged unpaid minimum wages, alleged unpaid overtime wages, and alleged unpaid gratuities. Plaintiff has not alleged any "actual" damages that would be compensable under FDUTPA. As such, Plaintiff's claim of violations of FDUTPA should be dismissed for failing to state a claim for which relief may be granted.

In sum, Plaintiff does not have standing to bring a FDUTPA claim because she was not a consumer as required by the Act, and, even if she was a consumer, the damages she seeks are not compensable. Consequently, Plaintiff's FDUTPA claim should be dismissed with prejudice.

WHEREFORE, Defendants VIP Transportation Group, LLC, Barbara White, and Simon White respectfully request that this Court dismiss Count III of Plaintiff's Complaint with prejudice, as Plaintiff has failed to state a cause of action under FDUTPA for which relief can be granted.

Respectfully submitted,

By:    s/ Luis A. Santos
Luis A. Santos
Florida Bar No. 84647
lsantos@fordharrison.com
Ashwin R. Trehan
Florida Bar No. 0042675
atrehan@fordharrison.com

**FORDHARRISON LLP**
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida  33602-5133
Telephone:  (813) 261-7800
Facsimile:   (813) 261-7899

Attorneys for Defendants
VIP Transportation Group, LLC,
Barbara White and Simon White

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 11, 2016, I filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to:

Marc R. Edelman
Morgan & Morgan, P.A.
201 N. Franklin Street, #700
Tampa, Florida  33602


                                                    s/ Luis A. Santos
                                                    Attorney


WSACTIVELLP:8205494.1