# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURIE BISHOP,**

      **Plaintiff,**

**v.**                                              **Case No:   6:15-cv-2118-Orl-22KRS**

**VIP TRANSPORTATION GROUP, LLC,**
**BARBARA WHITE and SIMON WHITE,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANTS' MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT (Doc. No. 6)**
>
> **FILED:**     **January 11, 2016**

## I.     BACKGROUND.

Plaintiff Laurie Bishop initiated this action on December 17, 2015, by filing a complaint against Defendants VIP Transportation Group, LLC ("VIP Transportation"), Barbara White, and Simon White, alleging violations of the overtime compensation and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Plaintiff also alleged that she is entitled to monetary damages for violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 501.201, *et. seq.*, Florida Statutes.  Doc. No. 1.  The complaint indicated that Plaintiff intends to pursue her claims by collective action.

On January 11, 2016, Defendants filed the above-captioned motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), requesting the Court dismiss Plaintiff's FDUTPA claim (Count III). Defendants assert that Plaintiff does not have standing to pursue her FDUTPA claim for monetary damages because she is not consumer. Defendants also contend that the damages Plaintiff seeks are not recoverable under FDUTPA. Plaintiff responded to the motion on February 8, 2016. Doc. No. 17. Defendants' motion was referred to me for a Report and Recommendation, and the matter is now ripe for review.

## II.   STANDARD OF REVIEW.

"To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a court must accept as true well-pled allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678.

## III.  ALLEGATIONS OF THE COMPLAINT.

Plaintiff alleges that VIP Transportation is in the business of providing transportation services in the Tampa metropolitan area. Doc. No. 1 ¶ 12. VIP Transportation is owned and operated by Barbara and Simon White. *Id.* ¶ 13. Plaintiff worked as a driver for Defendants from November 6, 2014 until July 20, 2015. *Id.* ¶ 2. Plaintiff alleges that Defendants misclassified her and other drivers as independent contractors. *Id.* ¶ 4. She contends that the drivers were actually

employees, *id.*, and that Defendants misclassified the drivers so that they could avoid paying minimum wage and overtime compensation, *id.* ¶ 78.  Plaintiff alleges that as a result of the misclassification, she did not receive minimum wages and overtime compensation due to her under the FLSA. *Id.* ¶¶ 80, 94.  She further alleges that the misclassification was a deceptive or unfair trade practice under FDUTPA, and that she incurred expenses as a result of this deceptive or unfair trade practice.  *Id.* ¶ 97.

Plaintiff further alleges that when passengers were presented with invoices for their fares, the invoices listed a gratuity.  *Id.* ¶ 40.  Defendants instructed its drivers not to accept additional gratuities.  *Id.* ¶ 38.  Plaintiff alleges that Defendants misled passengers to believe that the gratuity was for the benefit of the driver, when it was actually retained by Defendants.  *Id.* ¶ 40.  Plaintiff alleges that this practice violated FDUTPA, and that she was economically damaged as a result of the practice.  *Id.* ¶ 98.

## IV. ANALYSIS.

Defendants' motion raises two issues: (1) whether a Plaintiff who alleges that she was damaged while performing commercial activity, in this case working as a driver, can assert a FDUTPA claim for monetary damages; and, (2) whether unidentified expenses and unspecified economic damages can constitute actual damages under FDUTPA.  I will address each of these issues in turn.

> *A.  An Individual Who Is Not a Consumer May Bring a FDUTPA Claim for Monetary Damages.*

Defendants argue that Plaintiff lacks standing to pursue her FDUTPA claim because she is not a consumer.  Plaintiff counters by arguing, *inter alia*, that she need not be a consumer to have standing.  Federal courts are split on this issue because of a 2001 amendment to FDUTPA.  *See Intercoastal Realty, Inc. v. Tracy*, 706 F. Supp. 2d 1325, 1334-35 (S.D. Fla. 2010) (collecting cases).

Prior to the amendment, section 501.211 provided as follows:

> (2) In any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105 . . . .

Courts interpreting this provision determined that only consumers had standing to seek monetary relief. *E.g., Warren Tech., Inc. v. Hines Interests Ltd. P'ship*, 733 So. 2d 1146, 1147 (Fla. 3d Dist. Ct. App. 1999). However, effective July 1, 2001, the legislature amended section 501.211(2) by inserting the word "person" in place of the word "consumer." *See* 2001 Fla. Laws ch. 39 § 6.

The Florida Supreme Court has not addressed the effect of the 2001 amendment in the context of who has standing to seek monetary damages for a FDUTPA violation. However, three of Florida's District Courts of Appeal have addressed the issue.

In *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County*, 169 So. 3d 164 (Fla. 4th Dist. Ct. App. 2015) ("*Caribbean Cruise Line*"), Florida's Fourth District Court of Appeal directly addressed the 2001 amendment. In light of the presumption that the legislature intends to change the law when it amends a statute, it determined that "the legislative change regarding the claimant able to recover under FDUTPA from a 'consumer' to a 'person' must be afforded significant meaning." *Id.* at 169. As a result, it held that more than just consumers could seek monetary relief under the statute. *Id.*

Florida's Second District Court of Appeal reached the same conclusion in *Bailey v. St. Louis*, No. 2D13-612, 2016 WL 403168 (Fla. 2d Dist. Ct. App. Feb. 3, 2016). In that case, the trial court held that plaintiffs who were competitors, and not consumers, could not recover monetary damages for FDUTPA violations. On appeal, however, the Second District Court of Appeal reversed the decision of the lower court. As in *Caribbean Cruise Line*, the court noted that unless a contrary indication is clear there is a presumption that the legislature intended some specific and material

alteration of the law. *Id.* at \*7. Relying on this presumption, it concluded that "section 501.211(2) evinces a legislative directive that the remedy of damages is not limited to a consumer." *Id.*

Similarly, Florida's Third District Court of Appeal stated, albeit in a footnote, that as a result of the 2001 amendments, FDUTPA "no longer requires one to be a 'consumer' to maintain an action for damages under FDUTPA." *Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc.*, No. 3D15-532, 2016 WL 717662, at \*1 n.2 (Fla. 3d Dist. Ct. App. Feb. 24, 2016).

"Absent a clear decision from the Florida Supreme Court on [an] issue, '[this Court is] bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the [Florida Supreme Court] would decide the issue differently." *Nunez v. Geico Gen. Ins. Co.*, 685 F.3d 1205, 1210 (11th Cir. 2012). Defendants cite a number of federal cases finding that, even after the 2001 amendment, only consumers may bring a claim for monetary damages. Each of these decisions was decided without the benefit of the analyses of the Florida District Courts of Appeal in *Caribbean Cruise Line, Bailey* and *Off Lease Only, Inc*. Moreover, "a federal court's disagreement with a state court decision is not a 'persuasive indication that the Florida Supreme Court' would decide the issue differently than a state intermediate appellate court." *Glass v. Captain Katanna's, Inc.*, 950 F. Supp. 2d 1235, 1238 n.3 (M.D. Fla. 2013) (quoting *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002)).

Accordingly, I recommend that the Court follow the decision of the Florida District Courts of Appeal and find that a person need not be a consumer to have standing to pursue a claim for monetary damages under FDUTPA.

> B.  *The Complaint Does Not Adequately Allege Actual Damages Arising From the Alleged Violation of FDUTPA.*

In Count III of the complaint, Plaintiff alleges that Defendants engaged in deceptive or unfair trade practices by improperly classifying Plaintiff, and others similarly situated, as independent contractors. Plaintiff further alleges that these actions caused Plaintiff, and others similarly situated, "to incur expenses they would not have incurred if they had been properly classified as employees." Doc. No. 1, at 11. Plaintiff also alleges that Defendants engaged in deceptive or unfair trade practices by representing to passengers that the gratuity shown on the invoice was a gratuity for the driver when, in fact, the gratuities were retained by Defendants. *Id.* at 5, 11. Plaintiff alleges that these actions cause Plaintiff, and others similarly situated, "economic damage." *Id.* at 11.

Defendants contend that neither unidentified "expenses" nor unspecified "economic damage" constitute actual damages recoverable under FDUTPA. Because it is not clear from the face of the complaint exactly what "expenses" and "economic damage" Plaintiff contends she suffered as a result of the alleged FDUTPA violation, the allegations of Count III are insufficient to determine whether the damages Plaintiff seeks are actual damages under FDUPTA rather than noncompensable consequential damages. *See, e.g., Smith v. 2001 S. Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th Dist. Ct. App. 2004). "Expenses" are generally understood to be out-of-pocket costs incurred to pay for a product or service, not loss of wages. With respect to the payment of "gratuities" retained by Defendant, Plaintiff has not alleged any factual basis to believe that she would have been paid any gratuities by her passengers if the invoice did not itemize a gratuity.

In order to state a monetary claim for a violation of FDUTPA, a plaintiff must allege the following: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d Dist. Ct. App. 2008). Because Plaintiff

has not adequately alleged that she suffered actual damages as defined by FDUTPA, I recommend that the Court find that she has failed to state a claim on which relief can be granted under FDUTPA and, therefore, that Count III of the complaint is due to be dismissed.

## V. RECOMMENDATION.

In light of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss Count III of Plaintiff's Complaint (Doc. No. 6) and **DISMISS** Count III of the complaint.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 15, 2016.

                                            *Karla R. Spaulding*
                                            KARLA R. SPAULDING
                                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy