# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURIE BISHOP,**

        **Plaintiff,**

**v.**
                              **Case No:   6:15-cv-2118-Orl-22KRS**

**VIP TRANSPORTATION GROUP, LLC,**
**BARBARA WHITE and SIMON WHITE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 29)** |
| **FILED:** | **May 24, 2016** |

## I.    BACKGROUND.

        Plaintiff Laurie Bishop initiated this action on December 17, 2015, by filing a complaint against Defendants VIP Transportation Group, LLC ("VIP Transportation"), Barbara White, and Simon White, alleging violations of the overtime compensation and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Plaintiff also alleged that she is entitled to monetary damages for violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 501.201, *et seq.*, Florida Statutes.  The complaint indicated that Plaintiff intends to pursue her claims by collective action.  The FLSA claims are before the Court under

federal question jurisdiction and the FDUTPA claim is submitted under the Court's supplemental jurisdiction.   Doc. No. 1.

On January 11, 2016, Defendants filed a motion to dismiss Plaintiff's FDUTPA claim (Count III), Doc. No. 6, which was granted on March 30, 2016, because Plaintiff failed to adequately allege that she suffered actual damages as defined by FDUTPA, Doc. Nos. 19, 20.   The Court granted Plaintiff leave to file an amended complaint in order to assert an amended FDUTPA claim. Doc. No. 26.

Plaintiff filed her amended complaint on May 10, 2016.   Doc. No. 27 (the "Amended Complaint").   She continues to seek relief under the FLSA as a collective action and under FDUTPA on behalf of herself and others similarly situated.   *Id.* at 10-11.

Defendants filed the instant motion to dismiss on May 24, 2016.   Doc. No. 29.   Defendants assert that the damages Plaintiff seeks are not recoverable under FDUTPA.   *Id.* at 4-8.   Defendants also contend that Plaintiff's FDUTPA claim for gratuities should be dismissed because Plaintiff did not allege that she was deceived.   *Id.* at 8-9.   Plaintiff responded to the motion on June 7, 2016. Doc. No. 30.   Defendants' motion was referred to me for a Report and Recommendation, and the matter is now ripe for review.

## II.     STANDARD OF REVIEW.

"To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* (quoting *Twombly*, 550 U.S. at 555).   A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Although a court must accept as true well-pled allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678.

**III.     ALLEGATIONS OF THE AMENDED COMPLAINT.**

Plaintiff alleges that VIP Transportation is in the business of providing transportation services in the Tampa metropolitan area.   Doc. No. 27 ¶ 12.   VIP Transportation is owned and operated by Barbara and Simon White.   *Id.* ¶ 13.   Plaintiff worked as a driver for Defendants from November 6, 2014 until July 20, 2015.   *Id.* ¶ 2.   Plaintiff alleges that Defendants misclassified her and other drivers as independent contractors.   *Id.* ¶ 4.   She contends that she and other drivers were actually employees, *id.*, and that as a result of the misclassification, she did not receive minimum wages and overtime compensation due to her under the FLSA, *id.* ¶¶ 81, 95.   She further alleges that the misclassification was a deceptive or unfair trade practice under FDUTPA, and that the misclassification caused her other drivers to incur the expense of forming and maintaining a limited liability company in the state of Florida.   *Id.* ¶¶ 65, 100.   The misclassification also necessitated that Plaintiff and other drivers pay self-employment taxes for social security and Medicare.   *Id.* ¶ 66.

Plaintiff further alleges that when passengers were presented with invoices for their fares, the invoices listed a gratuity.   *Id.* ¶ 57.   Defendants prohibited its drivers from accepting gratuities. *Id.* ¶ 58.   Plaintiff alleges that Defendants misled passengers to believe that the gratuity was for the benefit of the driver, when it was actually retained by Defendants.   *Id.* ¶ 57.   Plaintiff alleges that passengers did not tip Plaintiff and other drivers because passengers were under the mistaken belief that the gratuity was included in the fare, *id.* ¶ 62, and that "[i]f Defendants have not deceived passengers, Plaintiff and other drivers would have personally received similar amounts as the

amounts itemized on Defendant's invoices or other communications as the 'gratuity.'"  *id.* ¶ 63. Plaintiff alleges that this practice violated FDUTPA.  *Id.* ¶ 101.

## IV.     ANALYSIS.

Defendants' motion raises two issues: (1) whether Plaintiff has alleged actual damages under FDUTPA; and (2) whether Plaintiff alleged that she was deceived.  I note, *sua sponte*, that the Amended Complaint also raises the issue of whether the Court should decline to exercise supplemental jurisdiction over the FDUTPA claim.   I will address the jurisdictional issue first, then turn to Defendants' arguments.

### A.     *Supplemental Jurisdiction.*

The Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.   The Court has supplemental jurisdiction over claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *Id.* § 1367(a).   The Eleventh Circuit has held that § 1367 gives federal courts the power to exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim.  *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724–25 (1966)).   In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."  *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

Even if the Court has the power to exercise supplemental jurisdiction over a state law claim, § 1367 also gives the Court the discretion to decline to exercise supplemental jurisdiction over a claim arising under state law when:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  If, after examining the factors listed in § 1367(c), the district court decides that it has the discretion to decline to jurisdiction, it should consider the traditional rationales for pendent jurisdiction in deciding whether or not to exercise that jurisdiction, including judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.  *Palmer*, 22 F.3d at 1569 (citing *Gibbs*, 383 U.S. at 725–26).

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state law claims require different or foreign elements of proof, finding that the claims "substantially predominate" over the claims over which the court has original jurisdiction.  *See, e.g., Ciavaglia v. Gevity H.R., Inc.*, No. 6:07-cv–1206-Orl-22KRS, 2008 WL 782494, at *1–2 (M.D. Fla. Mar. 20, 2008) (citing *James v. Sun Glass Hut of Cal., Inc.*, 799 F. Supp. 1083, 1085 (D.Colo.1992), and *Gregory v. S. New England Tel. Co.*, 896 F. Supp. 78, 84 (D. Conn. 1994)); *German v. Eslinger,* No. 6:08-cv-845-Orl–22GJK, 2008 WL 2915071, at *1–2 (M.D. Fla. July 25, 2008) (citing *James*, 799 F. Supp. at 1084, and *Gregory*, 896 F. Supp. at 84).   In addition, courts in this circuit have declined to exercise supplemental jurisdiction over state law claims which would only serve to introduce jury confusion and delay.   *Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-ORL-22KRS, 2012 WL 6212909, at *2–3 (M.D. Fla. Nov. 27, 2012), *adopted by* 2012 WL 6212847 (M.D. Fla. Dec. 13, 2012); *German*, 2008 WL 2915071, at *1 (citing *Bennett v. S. Marine*

*Mgmt. Co.*, 531 F. Supp. 115, 117–18 (M.D. Fla. 1982), and *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982)).

FDUTPA requires proof of elements that are not required to prove Plaintiff's FLSA claims. Specifically, to prove a FDUTPA claim for damages, a plaintiff must show (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages.  *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d Dist. Ct. App. 2008).   To establish a deceptive act, a plaintiff must show that a defendant made misleading representations that would deceive an objectively reasonable person. *Gavron v. Weather Shield Mfg., Inc.*, 819 F. Supp. 2d 1297, 1301 (S.D. Fla. 2011).   To establish an unfair practice, a plaintiff must establish that a defendant offended an established public policy in a manner that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003).   No proof of misleading representations or unfair practices is required for an FLSA claim.  Rather, those claims require proof only that a plaintiff was employed by a defendant, the plaintiff was engaged in commerce, and the defendant failed to pay the plaintiff overtime compensation and minimum wages required by the law.  *Powell v. Carey Int'l, Inc.*, 483 F. Supp. 2d 1168, 1183 (S.D. Fla. 2007).   Specifically, in the present case, the issue of whether Defendant's communications regarding gratuities were deceptive or unfair would have no bearing on the FLSA claims, and proof of this alleged deceptive act would substantially predominate over the elements of the FLSA claims over which the Court has original jurisdiction.

Further complicating the case, Plaintiff seeks to proceed as a collective action under the FLSA and as a class action for violation of FDUTPA.   Under the FLSA, actions on behalf of a plaintiff and others similarly situated proceed as a collective action, if conditionally certified by a court.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008).   Participants

in an FLSA collective action must affirmatively opt in to the action.  *Id.*  In contrast, under FDUTPA, actions on behalf of a plaintiff and others similarly situated proceed as a class action governed by Federal Rule of Civil Procedure 23.  *See, e.g., Sanchez-Knutson v. Ford Motor Co.*, 310 F.R.D. 529 (S.D. Fla. 2015).  Under Rule 23, putative members of the class action must affirmatively opt out of the class.  Fed. R. Civ. P. 23(c).

In *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (per curiam), the court stated:  "Rule 23(c) provides for 'opt out' class actions.  FLSA § 16(b) allows as class members only those who 'opt in.'  These two types of class actions are mutually exclusive and irreconcilable."[1]  Accordingly, a Rule 23 class action claim under FDUTPA would substantially predominate over an FLSA collective action.

Additionally, there are differences between the FLSA and FDUTPA claims that support declining to exercise supplemental jurisdiction.  The FLSA has a two to three year statute of limitations, while the FDUTPA claim has a four year statute of limitations.  29 U.S.C. § 255(a) (providing for a statute of limitations of two years or, in the case of a willful violation, three years); *Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*, 505 F. App'x 899, 906 (11th Cir. 2013) (per curiam).  Thus, more individuals could be putative members of the FDUTPA class action than could be members of the FLSA collective actions.  Courts have found that State law claims would substantially predominate over federal law claims when the putative members of the State law class action would be substantially greater than the individuals eligible to opt-in to the FLSA collective action.  *See, e.g., Santiago v. Wm. G. Roe &*

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Sons, Inc.*, No. 8:07-cv-1786-T-27MAP, 2008 U.S. Dist. LEXIS 60719, at *4-5 (M.D. Fla. July 28, 2008) (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003)).

Finally, when determining whether to decline to exercise supplemental jurisdiction under one of the § 1367(c) provisions, the Court may consider additional factors, including "judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together."   *Palmer*, 22 F.3d at 1569 (citing *Gibbs*, 383 U.S. at 725-26).   Declining to exercise supplemental jurisdiction over the FDUTPA claim would not undermine any of these equitable considerations.   Plaintiff's FLSA claims and FDUTPA claims may all be litigated in Florida state courts.   Under § 1367(d), the statute of limitations for the FDUTPA claims is tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

For all of these reasons, I recommend that the Court decline to exercise supplemental jurisdiction over the FDUTPA.

B.   *Whether Plaintiff Has Alleged Actual Damages.*

In the event that the Court elects to exercise supplemental jurisdiction over the FDUTPA claim, I will address Defendants' arguments in the motion to dismiss.

In Count III of the Amended Complaint, Plaintiff alleges two separate FDUTPA violations. Plaintiff alleges that Defendants intentionally misclassified its drivers as independent contractors. Plaintiff also alleges that Defendants misrepresented to passengers that the gratuities the passengers paid to Defendants were for the benefit of the drivers.   In order to state a monetary claim for a violation of FDUTPA, a plaintiff must allege actual damages.   *Kia Motors Am. Corp.*, 985 So. 2d at 1140.   The parties dispute whether Plaintiff has alleged damages that are recoverable under FDUTPA.

Plaintiff alleges three different types of damages.   First, Plaintiff alleges that the misclassification of drivers as independent contractors caused Plaintiff and other drivers to incur the expense of forming and maintaining a limited liability company in the state of Florida.   Doc. No. 27 ¶ 65.   Special damages, including consequential damages, are not "actual damages," within the meaning of FDUTPA.   *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th Dist. Ct. App. 2008); *Orkin Exterminating Co. v. Petsch*, 872 So. 2d 259, 263 (Fla. 2d Dist. Ct. App. 2004); *Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So. 2d 311, 314 (Fla. 4th Dist. Ct. App. 1998). "[S]pecial damages are those that do not necessarily, but do directly, naturally, and proximately, result from the injury and are not implied by law."   17 FLA. JUR. *Damages* § 8 (2016) (footnote omitted).   Here, Plaintiff has not shown that any expenses that she and other drivers incurred for forming and maintaining a limited liability company necessarily resulted from the misclassification of drivers, or that such damages are implied by law.   Therefore, it appears that these damages are not actual damages within the meaning of FDUTPA.

Next, Plaintiff alleges that the misclassification of drivers resulted in Plaintiff and other drivers having to pay self-employment taxes for social security and Medicare, which otherwise would have been borne by Defendants.   *Id.* ¶ 66.   However, state law claims brought in order to recover taxes resulting from the misclassification of an employee as an independent contractor are preempted by Federal law.   *Mann v. Falk*, No. 2:11-cv-14432-KMM, 2012 U.S. Dist. LEXIS 148160, at *23-25 (S.D. Fla. Oct. 15, 2012) (finding unjust enrichment claim against employer relating to the misclassification as an independent contractor was preempted by Federal Insurance Contributions Act); *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 65 (3d Cir. 2008) ("[T]he existence of federal administrative remedies for the alleged misclassification as independent contractor, established by Congress, also suggests that Congress intended the administrative

remedies to preempt state-law claims."). Therefore, self-employment taxes are not damages that are recoverable under FDUTPA.

Finally, Plaintiff alleges that she and other drivers lost gratuities that passengers would have paid, if not for Defendants' misrepresentations concerning whether a gratuity was included in the fare. She alleges: "If Defendants had not deceived passengers, Plaintiff and other drivers would have personally received similar amounts as the amounts itemized on Defendant's invoices or other communications as the 'gratuity.'" Doc. No. 27 ¶ 63. When resolving a motion to dismiss, the Court must accept this factual allegation as true. Whether Plaintiff will be able to prove that she would have received gratuities remains for another stage of the proceedings.

Defendants argue that loss of gratuities does not necessarily result from Defendants' alleged misrepresentations to passengers. However, as alleged, the loss of gratuities paid to the driver was a direct result of the alleged misrepresentation about payment of gratuities. While Florida law is less than clear in defining actual damages that are recoverable under FDUTPA, at least one court has stated, albeit in dicta, that a misleading statement about a gratuity, which gratuity was not in fact paid to the service provider, might state a claim under FDUTPA. *Costa v. Kerzner Int'l Resorts, Inc.*, No. 11-60663-CV-COHN, 2011 WL 2519244, at *4 (S.D. Fla. June 23, 2011). Under these circumstances, it would be appropriate to deny the motion to dismiss as it pertains to the claim of actual damages arising from the failure to pay gratuities to the plaintiff without prejudice to resolving the issue on a more fully developed factual record at summary judgment or trial.[2]

Therefore, if the Court agrees to exercise supplemental jurisdiction, it should strike from Plaintiff's Amended Complaint her claims for FDUTPA damages arising from the expense of

---

[2] The lack of clarity on Florida law regarding what constitutes actual damages in this factual context, provides an additional basis in support of declining to exercise supplemental jurisdiction.

forming and maintaining a limited liability company in the state of Florida and having to pay self-employment taxes for social security and Medicare, and allow the Amended Complaint to proceed on the FDUTPA claim as to damages arising from the failure to pay gratuities to the drivers.

> B.   *Whether Plaintiff's FDUTPA Claim for Gratuities Should be Dismissed Because Plaintiff Did not Allege that She Was Deceived.*

Defendants assert that Plaintiff's FDUTPA claim arising from misrepresentations about payment of gratuities should be dismissed because Plaintiff has not alleged that she was deceived by Defendants' representations concerning gratuities.   In her response, Plaintiff contends that there is no requirement that she establish that she was personally deceived.

The starting point for any FDUTPA claim is whether there is a deceptive act or unfair practice.   A plaintiff can allege a deceptive act without alleging that she was misled or even likely to be misled by the deception.   *See Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.*, 123 So. 3d 1149, 1151-52 (Fla. 5th Dist. Ct. App. 2012) (finding that pursuant to FDUTPA a plaintiff could seek to enjoin the defendant from deceptive misrepresentations even though it was the plaintiff's customers and not the plaintiff that was misled by the misrepresentations); *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st Dist. Ct. App. 2000) ("[T]he question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances.").   Similarly, a plaintiff can allege an unfair practice without alleging anyone was misled or likely to be misled.   *See PNR, Inc.*, 842 So. 2d at 777 ("An unfair practice is 'one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" (quoting *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th Dist. Ct. App. 2001)).

In order for the FDUTPA violation to give rise to a FDUTPA claim for monetary damages a plaintiff must also show she "suffered a loss as a result of [the] violation."   Fla. Stat. § 501.211(2). This requirement does not mean that the plaintiff must show she was misled – it means that the plaintiff must show she suffered actual damages as a result of the violation.   *See Kia Motors Am. Corp.*, 985 So. 2d at 1140.

Accordingly, Plaintiff's failure to allege that she was deceived by misrepresentations concerning gratuities does not support dismissal of Plaintiff's FDUTPA claim.

## V.      RECOMMENDATION.

In light of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DECLINE** to exercise supplemental jurisdiction over the FDUTPA claim, **DISMISS** that claim without prejudice to filing it in state court, and **DENY** Defendants' Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. No. 29) as moot.   Should the Court elect to exercise supplemental jurisdiction, I recommend, alternatively, that the Court grant in part Defendants' Motion to Dismiss Count III of Plaintiff's Amended Complaint, strike the allegations regarding damages arising from the expense of forming and maintaining a limited liability company in the state of Florida and having to pay self-employment taxes for social security and Medicare from the Amended Complaint, and otherwise deny Defendants' Motion to Dismiss Count III of Plaintiff's Amended Complaint.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

   Recommended in Orlando, Florida on August 2, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy