# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURIE BISHOP,**

      **Plaintiff,**

**v.**                                                                                                           **Case No:   6:15-cv-2118-Orl-22KRS**

**VIP TRANSPORTATION GROUP, LLC,**
**BARBARA WHITE and SIMON WHITE,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **SECOND RENEWED JOINT MOTION TO APPROVE MEDIATED SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE (Doc. No. 45)** |
| **FILED:** | **April 5, 2017** |

## I. BACKGROUND.

On December 17, 2015, Plaintiff Laurie Bishop initiated this case by filing a complaint against Defendants VIP Transportation Group, LLC; Barbara White; and Simon White. Doc. No. 1. On May 10, 2016, Bishop filed an amended complaint against the same Defendants. Doc. No. 27. The amended complaint was filed on behalf of Bishop and all others similarly situated. *Id.* In the amended complaint, Bishop asserted that Defendants misclassified her and other similarly-situated drivers as "independent contractors," which resulted in Defendants violating the minimum wage and overtime compensation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201, *et seq*. *Id*. Bishop also asserted a claim for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.213 ("FDUTPA"). *Id*. The Court subsequently declined to exercise supplemental jurisdiction over Bishop's FDUTPA claim and dismissed that claim without prejudice, leaving only the FLSA claims at issue in this case. Doc. Nos. 33, 35.[1]

During the pendency of this case, Bishop and two other individuals—Hugo Ramirez and Paul Donalds—filed consents to join in this action. Doc. Nos. 28-1, 28-2, 34. No other individuals joined in the action, and a collective action was never certified, leaving Bishop, Ramirez, and Donalds as the only Plaintiffs in this suit.

On January 30, 2017, after participating in mediation, the parties filed a motion indicating that they had settled this case, and requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 41. I denied that motion without prejudice for several reasons: (1) the parties' settlement agreement contemplated that it could be modified in a writing signed by all parties; (2) the parties had not provided sufficient information for the Court to determine whether Plaintiffs had compromised their FLSA claims and, if so, to what extent; (3) the parties' settlement agreement included a sweeping, general release and other non-cash concessions, but the parties had not adequately explained why such provisions were reasonable; and (4) the parties had not provided sufficient information for the Court to determine if the attorneys' fees being paid to Plaintiffs' counsel were reasonable. Doc. No. 42.

On March 13, 2017, the parties filed a renewed motion requesting approval of their settlement agreement. Doc. No. 43. I denied that motion without prejudice because the parties'

---

[1] The parties have not provided the Court with any information regarding the status of Plaintiffs' FDUTPA claims. They have not provided any information that would suggest that Plaintiffs reasserted those claims in state court.

revised settlement agreement was not signed, the revised settlement agreement still contemplated the possibility that it could be modified by the parties, and I continued to have concerns that the parties' non-disparagement clause was not reasonable and did not comport with *Lynn's Food*. Doc. No. 44.

The parties have now filed a second joint motion for settlement approval. Doc. No. 45. They attached to the motion a fully executed copy of a revised settlement agreement between Plaintiffs and Defendants. Doc. No. 45-1. The revised settlement agreement does not include a modification provision or a non-disparagement clause. It also provides separate consideration for its general release provision. The parties stipulate to an order approving their settlement and dismissing this case with prejudice. Doc. No. 45, at 5, 7.

The motion was referred to the undersigned, and it is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th

Cir. 2009) (per curiam).[2]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.  ANALYSIS.**

    *A.  Whether Plaintiffs Have Compromised Their Claims.*

Under the amended settlement agreement, Defendants will pay Plaintiffs a total of $51,958.42, broken down as follows:

- $836.39 to Bishop, representing unpaid wages and an equal amount in liquidated damages;

- $500.00 to Bishop, representing consideration for the general release included in the revised settlement agreement;

- $7,858.33 to Donalds, representing unpaid wages and an equal amount in liquidated damages;

- $500.00 to Donalds, representing consideration for the general release included in the revised settlement agreement;

- $16,763.70 to Ramirez, representing unpaid wages and an equal amount in liquidated damages;

- $500.00 to Ramirez, representing consideration for the general release included in the revised settlement agreement;

- $25,000 to Plaintiffs' attorneys, representing payment for attorneys' fees and costs.

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

Doc. No. 45-1, at 2.  Defendants also agreed to pay all of the costs associated with the parties' mediation.  *Id.*

Plaintiffs had not reviewed Defendants' time records at the time they filed their answers to the Court's FLSA Interrogatories; therefore, they did not calculate their claimed damages.  *See* Doc. Nos. 18, 31, 32.  In the motion for settlement approval, Plaintiffs have, however, explained how they calculated their original claimed damages.  Doc. No. 45, at 2-4; Doc. Nos. 45-2, 45-3, 45-4. Under those calculations, Bishop originally claimed to be entitled to $1,384.51, plus an equal amount in liquidated damages (for a total of $2,769.02); Donalds originally claimed to be entitled to $8,358.33, plus an equal amount in liquidated damages (for a total of $16,716.66); and Ramirez originally claimed to be entitled to $16,594.79, plus an equal amount in liquidated damages (for a total of $33,189.58).  Because Plaintiffs will receive less than the amounts to which they claimed entitlement under the FLSA, they have compromised their claims within the meaning of *Lynn's Food*.

### B. *Whether the Compromise Is Fair And Reasonable.*

Because Plaintiffs have compromised their claims, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues.  Doc. No. 45, at 6-7.  Plaintiffs provided chauffeur services to Defendants' clients.  Plaintiffs claim that Defendants improperly classified them as "independent contractors" and, therefore, failed to pay them overtime wages.[3] Defendants, however, contend that Plaintiffs were properly classified as independent contractors and, thus, are entitled to no recovery.  Defendants also argue that, even if Plaintiffs were, in fact,

---

[3] Plaintiffs' Complaint also asserts that Defendants violated the minimum wage provisions of the FLSA, but their subsequent calculations did not identify any weeks in which they were paid below the required minimum wage.  Doc. No. 45, at 2-4.

employees, they did not perform any compensable work in between reservations, and, therefore, their damages are a small fraction of what has been claimed.  The parties were represented by counsel throughout settlement negotiations, and both sides point to evidence to support their positions.   These facts adequately explain the circumstances giving rise to the settlement agreement and the reasons for the compromise. Accordingly, I recommend that the Court find that the compromise is reasonable.   *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

        *C.*     *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiffs have compromised their FLSA claims, the Court must consider whether the payment to their attorneys is reasonable, to ensure that the fees and costs to be paid to their attorneys did not improperly influence the amount Plaintiff agreed to accept.  *See Silva*, 307 F. App'x at 351.   "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."  *Bonetti*, 715 F. Supp. 2d at 1228.   If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach.  *Id.*

Upon my review of the parties' first motion for settlement approval, I determined it did not provide sufficient information for the Court to determine whether the attorneys' fees and costs being paid to Plaintiffs' counsel were reasonable because $25,000 (almost half of the total settlement amount) appeared to be a substantial fee for a case that settled before the close of discovery.   Doc. No. 47, at 7.  I thus directed Plaintiffs' counsel to support any renewed motion with sufficient information to determine the reasonableness of the fees.  *Id.* at 8.   Specifically, I directed that the

response should be supported by time sheets showing actual time worked, evidence of actual expenses incurred, and evidence of counsel's reasonable hourly rate.  *Id.* at 8-9.  In support of the current motion for settlement approval, Plaintiffs' counsel Marc C. Edelman, Esq., submitted an affidavit that included his time sheets, evidence of his background and experience, evidence showing the costs Plaintiffs' counsel have incurred, and evidence showing that he and other attorneys in his firm have been awarded his requested hourly rate ($350.00 per hour).  Doc. No. 45-5.[4]

After review of this evidence, I find that $350.00 per hour is a reasonable hourly rate in the central Florida market for an attorney of Attorney Edelman's experience (more than 20 years of experience as a labor and employment attorney) in a case of this type.  I also find that, in light of the two motions to dismiss filed in this case and the parties' participation in a formal mediation, the 83.10 hours Attorney Edelman spent on this case was not patently reasonable.  At the $350.00 rate, 83.10 hours of work would result in a fee of $29,085.00—which is less than Attorney Edelman's firm will be receiving in this settlement.  Additionally, the parties represent that the attorneys' fees and costs were negotiated separately and without regard to the amount to be paid for Plaintiff's underlying claims.  Doc. No. 45, at 5.  Based on the foregoing, I find no reason to believe that the amount Plaintiffs agreed to accept was adversely affected by the amount of fees paid to their counsel.

       *D.*    *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiffs' release of claims in the settlement agreement renders the agreement unreasonable.  *See generally Bright v. Mental Health Res. Ctr.,*

---

[4] Attorney Edelman also included time sheets for his legal assistant.  Doc. No. 45-5, at 10-11.  He did not provide information about her skill or experience and, therefore, I do not consider the work performed by this individual.  Regardless, much of the work performed by the legal assistant appears to be non-compensable clerical work.

*Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, Plaintiffs agree to release Defendants (and a number of related individuals and entities) from all claims they may have arising out of any event occurring on or before the date of the revised settlement agreement, including all claims arising out of Plaintiffs' relationship with Defendants. Doc. No. 45-1, ¶ 5. Each Plaintiff is receiving an additional $500.00 in consideration for execution of this general release. *Id.* ¶ 3.

I am aware that some judges in this district have concluded that such general releases are impermissible in the settlement of FLSA claims, even when they are supported by separate consideration. *See, e.g.*, *Monahan v. Rehoboth Hospitality, Inc.*, 6:15-cv-1159-Orl-40-KRS, Doc. No. 25, at 2-4 (M.D. Fla. Dec. 18, 2015) (collecting cases and rejecting portion of report and recommendation that recommended approval of settlement including general release where release was supported by separate consideration because release must be narrowly-tailored to the wage claims asserted in the complaint); *Elizalde v. SOS Furniture Co., Inc.*, No. 6:13-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 109486, at *3 n.1 (M.D. Fla. Aug. 19, 2015) (noting that a general release of unrelated claims would be unreasonable and unenforceable even though the release was supported by separate monetary consideration). The presiding district judge in this case, however, has approved of a general release when it was supported by separate consideration. *See Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 U.S. Dist. LEXIS 155743, at *8-9 (M.D. Fla. Oct. 30, 2014), *adopted by* 2014 U.S. Dist. LEXIS 155744 (M.D. Fla. Nov. 4, 2014) (approving a settlement agreement when an employee received additional monetary compensation beyond that owing under the FLSA in exchange for agreeing to a general release and other concessions). Thus, if the Court concludes, as it did in *Smith v. Aramark Corp.*, that the release is permissible in scope,

I recommend that the Court find that the settlement is a fair resolution of Plaintiffs' FLSA claims. Alternatively, if the Court concludes that the release is impermissible in scope, I recommend that the Court deny the motion.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that, if the Court finds that the scope of the release does not undermine the fairness of the settlement, it do the following:

1. **GRANT** the Second Renewed Joint Motion to Approve Mediated Settlement Agreement and Dismiss Case With Prejudice (Doc. No. 45);

2. **FIND** that the parties' revised settlement agreement (Doc. No. 45-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **PROHIBIT** counsel from withholding any portion of the $1,336.39 payable to Bishop, the $8,358.33 payable to Donalds, or the $17,263.70 payable to Ramirez under the revised settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the release undermines the fairness of the settlement, I **RECOMMEND** that the Court **DENY** the instant motion.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 7, 2017.

           *Karla R. Spaulding*
           KARLA R. SPAULDING
           UNITED STATES MAGISTRATE JUDGE